# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

S.E.I.U. LOCAL NO. 4 PENSION FUND, S.E.I.U. LOCAL
NO. 4 HEALTH & WELFARE FUND and HAL RUDDICK,
Trustee on behalf of both funds,

      Plaintiffs,

  v.

PINNACLE HEALTH CARE OF LAGRANGE LLC, an Illi-
nois limited liability company

      Defendant.

Judge Lefkow
Magistrate Judge Keys
Case No. 06-cv-0039

## MOTION FOR ENTRY OF JUDGMENT

  Plaintiffs move for the entry of judgment in favor of Plaintiffs and against Defendant in the amount of $71,100.06, and for entry of an order requiring Defendant to report all employees' identities, their hours worked, and the Fund contributions due to the Pension Fund for December 2006 and to the Welfare Fund for November 2006. Plaintiffs state the following in support of their motion:

  1. This is an action pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a), as amended, and §502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(3), as amended, to collect delinquent employer contributions to employee benefit plans.

  2. On February 16, 2007, Plaintiffs filed their motion for summary judgment, seeking payment of delinquent contributions acknowledged by Defendant in contribution reports that it had submitted to the Funds but not paid, payment of estimated damages for three months for which it had not submitted reports to the Funds, interest at the rate of 1% per month, com-pounded monthly, and the greater of liquidated damages of 20% or interest, pursuant to 29

1

U.S.C. § 1132(g).

3.    On February 22, 2007, this Court entered and continued Plaintiffs' motion because Plaintiffs had filed a nearly identical motion in case no. 06-cv-40, pending before Judge Zagel, involving the same Plaintiffs and another nursing home owned and operated by the same principals as the Defendant in the present case, and involving the same collective bargaining agreements.

4.    On July 3, 2007, Judge Zagel granted in part Plaintiffs' motion for summary judgment, entering judgment against Defendant for contributions acknowledged by Defendant in contribution reports that it had submitted to the Funds, but not paid. (See order, attached as Exh. A.) By order dated July 13, 2007, Judge Zagel set the matter for status on July 27, 2007, to discuss Plaintiffs' claims for periods for which Defendant had submitted no reports. (See order, attached as Exh. B.)

5.    On July 25, 2007, Plaintiffs moved for injunctive relief in Case No. 06-cv-40, seeking in part to compel Defendant to submit contribution reports for the periods for which it previously failed to do so. (See motion, attached as Exh. C.) On July 26, 2007, Defendant tendered the overdue contribution reports, and on September 10, 2007, the parties stipulated to entry of a judgment based upon the amounts shown on those reports. (See order, attached as Exh. D.)

6.    Because the present case involves the same Funds and the same Agreements, and because in the present case, just as in Case No. 06-cv-40, Defendant has submitted contribution reports to the Funds which acknowledge its liability, Defendant's liability to Plaintiffs for contributions has already been established, and the entry of judgment in those amounts is appropriate without further delay.

7.    Plaintiffs acknowledge the receipt of $24,841.10 in payments from Defendant to the

Plaintiff Health & Welfare Fund from February 2007 to the present.[1] The total amount owed for which there is no dispute is therefore $71,100.06. This amount consists of (a) $26,837.10 in delinquent contributions to the Pension Fund for the months May 2005 through November 2006 (see Plaintiffs' Statement of Material Fact ("Stmt.") ¶ 11); (b) $5,874.66 in interest to the Pension Fund (see interest schedule attached as Exh. E; Stmt. ¶ 17, 19); (c) $5,367.42 in liquidated damages to the Pension Fund; (d) $42,750.00 in delinquent contributions to the Welfare Fund for the months July 2005 through October 2006 and December 2006 (Stmt. ¶ 15); (e) $6,561.98 in interest to the Welfare Fund (Exh. E; Stmt. ¶ 17, 19); and (f) $8,550.00 in liquidated damages to the Welfare Fund; less (g) $24,841.10 in payments to the Welfare Fund.

8.     Remaining, then, is the assessment of damages for the two months for which Defendant had not yet reported its employees' hours. Plaintiff urges this court either to assess estimated damages as sought in their Motion for Summary Judgment or, in the alternative, simply to order Defendant to report within fourteen days all employees' identities, their hours worked, and the Fund contributions due to the Pension Fund for December 2006 and to the Welfare Fund for November 2006, (Stmt. ¶ 13, 16), with Plaintiffs to submit to the Court within seven days thereafter a proposed judgment order setting forth the delinquencies acknowledged by Defendant, twenty percent liquidated damages, and interest at the rate of 1% per month. There is no dispute as to Defendant's obligation to submit the long-overdue reports under the collective bargaining agreement.

9.     Finally, Plaintiffs reiterate their request for an award of costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2). Plaintiffs propose that the deadline for submission of their bill of costs be set at thirty days after entry of the judgment sought in this order, pursuant to Local Rule 54.1, and that Plaintiffs' deadline to move for attorneys' fees be set at ninety days after en-

---

[1] Plaintiffs will submit a supporting declaration separately.

try of the judgment sought in this order, pursuant to Local Rule 54.3.

WHEREFORE, the Plaintiff respectfully asks the Court for the following relief:

(a)   to order entry of a judgment in favor of Plaintiffs and against Defendant in the total amount of $71,100.06, which amount consists of (a) $26,837.10 in delinquent contributions to the Pension Fund for the months May 2005 through November 2006; (b) $5,874.66 in interest to the Pension Fund; (c) $5,367.42 in liquidated damages to the Pension Fund; (d) 42,750.00 in delinquent contributions to the Welfare Fund for the months July 2005 through October 2006 and December 2006; (e) $6,561.98 in interest to the Welfare Fund; and (f) $8,550.00 in liquidated damages to the Welfare Fund; less (g) $24,841.10 in payments to the Welfare Fund;

(b)   to order that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of final judgment in the above amount;

(c)   to order that, within fourteen days, Defendant shall report all employees' identities, their hours worked, and the Fund contributions due to the Pension Fund for December 2006 and to the Welfare Fund for November 2006;

(d)   to order that, pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are awarded their costs and reasonable attorneys' fees; and that, pursuant to LR 54.1, Plaintiffs shall file their bill of costs within thirty days after entry of judgment pursuant to this order and, pursuant to LR 54.3, shall file their motion for attorneys' fees within ninety days after entry of judgment pursuant to this order; and

(e)  for such further or different relief as the court deems appropriate.

Respectfully submitted,

_____
  s/  David Huffman-Gottschling
One of Plaintiffs' attorneys

David Huffman-Gottschling
ARDC No. 6269976
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

CERTIFICATE OF SERVICE

I, David Huffman-Gottschling, an attorney, certify that, by filing it through the ECF system, I caused a copy of the foregoing document to be served electronically upon the following person on October 8, 2007:

Mr. Carey Stein
Ashman & Stein
150 N. Wacker Dr., Ste. 3000
Chicago, IL 60606

_____
  s/  David Huffman-Gottschling
David Huffman-Gottschling

# EXHIBIT A

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 0040 | **DATE** | July 3, 2007 |
| **CASE TITLE** | SEIU LOCAL NO. 4 PENSION FUND, SEIU LOCAL NO. 4 HEALTH AND WELFARE FUND and HAL RUDDICK, Trustee on behalf of both funds v. PINNACLE HEALTH CARE OF BERWYN, LLC, an Illinois limited liability company | | |

**DOCKET ENTRY TEXT:**

Summary judgment is awarded to the plaintiff in the amount of $110,196.65

---

### STATEMENT

This is an ERISA case. The trustee of a union pension fund and a union health and welfare plan sued Pinnacle Health Care for delinquent contributions. Summary judgment is sought.

The issue here is, as is common, whether the facts are undisputed. Pinnacle has reported some contributions which are due and unpaid. For these amounts, Pinnacle concedes liability, but disputes claims for interest and penalties. Pinnacle disputes all of the trustee's claims for contributions for which Pinnacle has not submitted reports. These claims are based on estimates by Plaintiff about what should have been reported. The trustee seeks all of its claims set forth in the complaint, but what it asks for now in summary judgment with respect to amounts that Pinnacle concedes are due.

Pinnacle filed reports in February, 2007 to cover August through December, 2006, declaring it owed $8,499.17 in contributions to the Pension Fund. Reports also filed for November, 2006 - February, 2007 declares that $15,550.00 was owed to the Welfare Fund.

Prior to the February, 2007 filing, Pinnacle had filed reports for other matters declaring additional amounts due to the Funds. All reports cumulatively concede $21,527.86 due to the Pension Fund and $61,780.00 due to the Welfare Fund.

The contracts under which the reports were filed call for interest and liquidated damages for unpaid contributions. Such clauses are invariably included as part of ERISA agreements if for no other reason than the fact that Pension and Welfare Funds have fiduciary obligations to pay claims and are not permitted to defer payment of them while pursuing delinquent contributors.

As of April 20, 2007, the amounts due to the Pension Fund, including liquidated damages and interest, were $28,457.73, and to the Welfare Fund the cognate amount was $81,738.92. Other amounts and claims may be reasonably disputed, but these amounts are not disputed.

## STATEMENT

I, therefore, award summary judgment in the amount of $110,196.65. I see no just reason to delay entry of final judgment for this amount. *See* Fed. R. Civ. Pro. 54(b).

I order the Clerk to enter final judgment for plaintiff and against defendant in the amount of $110,196.65. The Clerk will schedule a status hearing to address the claims regarding contributions for periods for which Pinnacle has filed no reports and the separate claims for fees and costs.

# EXHIBIT B

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 40 | **DATE** | 7/12/2007 |
| **CASE TITLE** | SEIU LOCAL NO.4 PENSION FUND, ET AL vs. PINNACLE HEALTH CARE OF BERWYN | | |

**DOCKET ENTRY TEXT**

Judgment entered July 3, 2007 [57] is amended to include the following: Pursuant to FRCvP 54(b), finding that there is no just reason for delay of entry of final judgment for this amount.  In all other respects, the judgment of July 3, 2007 to stand.  The case having been terminated in error, the Clerk of Court is directed to reinstate the case.  Status hearing on remaining claims regarding contributions for periods for which Pinnacle has filed no reports and the separate claims for fees and costs is set for July 27, 2007 at 9:30 a.m.

Docketing to mail notices.

| | Courtroom Deputy Initials: | DL |
|---|---|---|

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

S.E.I.U. LOCAL NO. 4 PENSION FUND, S.E.I.U.
LOCAL NO. 4 HEALTH & WELFARE FUND and HAL
RUDDICK, Trustee on behalf of both funds,

                    Plaintiffs,

    v.

PINNACLE HEALTH CARE OF BERWYN LLC, an
Illinois limited liability company,

                Defendant.

Judge Zagel
Magistrate Judge Denlow
Case No. 06 C 0040

## MOTION FOR INJUNCTIVE RELIEF

Pursuant to Fed. R. Civ. P. 65, Plaintiffs move for the entry of permanent injunctive relief against Defendant ordering it to comply with its obligations to report employee hours worked and pay contributions owed to the Funds, stating the following in support:

1.    This is an action pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a), as amended, and §502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(3), as amended, to collect delinquent employer contributions to employee benefit plans.

2.    On July 3, 2007, this Court granted in part Plaintiffs' motion for summary judgment, entering judgment against Defendant for contributions acknowledged by Defendant in contribution reports that it had submitted to the Funds, but not paid. The Court set the matter for status with respect to plaintiffs' claims for periods for which Defendant had submitted no reports.

3.    It is undisputed that Defendant has not reported the hours worked by its bargaining-unit employees or remitted the corresponding contributions to the Pension Fund for the months of June and July 2006, January through March 2007, and May through June 2007, or to the

1

Health & Welfare Fund for the months March through June 2007. (LR56.1 Statement at ¶ 13, 16; Supplemental LR56.1 Stmt. at ¶ 1, 2, 5, and 7; Supplemental Declaration of Zachary A. Nauth, attached as Exh. A, at ¶ 2-4.)

4. Defendant has submitted a single contribution report for the month of April 2007 acknowledging that it owes the Pension Fund contributions in the amount of $1,542.60. Defendant has not paid these contributions. (Exh. A – Suppl. Nauth Decl. at ¶ 2.)

5. It is undisputed that Defendant remains obligated to report to the Funds on a monthly basis all hours worked by its employees in the bargaining unit and to remit contributions to the Funds based upon those hours. (LR 56.1 Stmt. ¶ 8-9.)

6. Because Defendant has continued to fail to meet its monthly reporting and contribution obligations, there is every reason to believe that its delinquencies to the Funds will continue to mount, although its failure to report means that it is impossible to establish the amount of those delinquencies with any certainty.

7. "ERISA provides for civil enforcement, including an injunction, of an employer's obligations to make contributions to pension plans." *Gould v. Lambert Excavating, Inc.*, 870 F.2d 1214, 1217 (7th Cir. 1989), citing 29 U.S.C. § 1132(a)(3), 1145. Courts faced with the same circumstances as in the present case have consistently enjoined employers from failing to pay required contributions to ERISA funds. *Zorn v. K.C. Community Constr. Co., Inc.,* 812 F. Supp. 948 (W.D. Mo. 1992) (enjoining employer from working in Union's geographical jurisdiction unless it makes required payments to funds); *Hotel Employees and Restaurant Employees International Union Welfare & Pension Funds v. Caucus Club, Inc.*, 754 F. Supp. 539 (E.D. Mich. 1991); *Van Drivers Local Union No. 392 v. Neal Moving & Storage*, 578 F. Supp. 429 (N.D. Ohio 1982); *Combs v. Hawk Contracting, Inc.*, 543 F. Supp. 825 (W.D. Pa. 1982). Defendant's

failure to pay contributions adversely affects the Funds and their participants and beneficiaries, and injunctive relief is therefore appropriate.

8.     The Funds will suffer irreparable harm if Defendant is not ordered to submit timely reports of employee hours and timely contributions to the Funds. The Pension Fund is irreparably harmed because its plan and ERISA require it to give pension credits and pay pension benefits to Defendant's employees regardless of whether the contributions that are intended to pay for the benefits are ever received. (Exh. A – Nauth Suppl. Decl. ¶ 8.) *See also Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 567 n.7 (1985). The Pension Fund is also irreparably harmed because of the damage done to its actuarial soundness by Defendant's steadily mounting delinquencies. (Exh. A – Nauth Suppl. Decl. ¶ 8.) *See also Gould*, 870 F.2d at 1217. Moreover, the Health and Welfare Fund's participants and beneficiaries are irreparably harmed by the choice foisted upon the Trustees between extending healthcare coverage to Defendant's employees that are not funded by contributions, or denying Defendant's employees healthcare coverage. (Exh. A – Nauth Suppl. Decl. ¶ 9.) The Funds' participants will be irreparably harmed regardless of which of these distasteful choices the Trustees must make.

9.     The balance of harms weighs in the Funds' favor: one cannot sensibly characterize entry of a preliminary injunction requiring Defendant to pay sums due to the Fund and to pay future contributions in a timely fashion as a legally cognizable harm to Defendant, because such an injunction only requires Defendant to do exactly what it is already contractually obligated to do. Defendant is financing its current operations, at least in part, with money that belongs to the Funds.

10.   Because Defendant has failed to make months' worth of required payments to the Funds despite an undisputed obligation to do so, threatening the Funds' well-being and threaten-

ing the access of Defendant's own employees to benefits to which they would otherwise be enti-
tled, the Court would be upholding the strong policy concerns announced in ERISA by enjoining
Defendant's continued non-compliance with its contribution obligations in the present case.

11.   Defendant has shown by its conduct that the above-described irreparable harm to the
Funds and therefore to their participants and beneficiaries caused by Defendant's failure to pay
required contributions will continue unless this Court issues a permanent injunction requiring
Defendant to comply with its contractual obligation to pay the required contributions on a timely
basis.

WHEREFORE, the Plaintiff respectfully requests that this Court enter a permanent injunc-
tion directed at Defendant, its agents, servants, employees, attorneys and all persons in active
concert or participation with Defendant for as long as in this case is pending:

    a.   prohibiting Defendant from failing to comply with those terms and provisions of
the Collective Bargaining Agreement, the Funds' Trust Agreements and ERISA,
that require timely reporting of employee hours and payment of contributions to
the Funds;

    b.   compelling Defendant to report within 14 days all employees' identities, their
hours worked, and the Fund contributions due to the Pension Fund for the months
June and July 2006, January through March 2007, and May through June 2007,
and to the Health & Welfare Fund for the months March through June 2007;

    c.   compelling Defendant to remit within 14 days all delinquent contributions, inter-
est on the delinquent contributions at the rate of 1% per month, and liquidated
damages in the amount of 20% of the delinquent contributions to the Pension
Fund for the months June and July 2006 and January through June 2007, and to

the Health & Welfare Fund for the months March through June 2007; and

d.   compelling Defendant by the 25th day of each month to report all bargaining-unit employees' hours worked in the prior month and to pay all contributions owed to the Funds for the hours reported, for so long as Defendant continues to have a contractual obligation to do so.

Respectfully submitted,

<u>   s/  David Huffman-Gottschling            </u>
One of Plaintiffs' attorneys

David Huffman-Gottschling
ARDC No. 6269976
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

CERTIFICATE OF SERVICE

I, David Huffman-Gottschling, an attorney, certify that, by filing it through the ECF system, I caused a copy of the foregoing document to be served electronically upon the following person on July 25, 2007:

Mr. Carey Stein
Ashman & Stein
150 N. Wacker Dr., Ste. 3000
Chicago, IL 60606

<u>       s/  David Huffman-Gottschling       </u>
David Huffman-Gottschling

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.0
### Eastern Division

S.E.I.U. Local No. 4 Pension Fund, et al.

                                    Plaintiff,

v.                                              Case No.: 1:06–cv–00040
                                                Honorable James B. Zagel

Pinacle Health Care of Berwyn LLC, et al.

                                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, September 10, 2007:

     MINUTE entry before Judge James B. Zagel :Motion for entry of judgment [64] is granted by consent of the parties. Motion hearings set for 9/11/2007 and 10/5/2007 are stricken. Mailed notice(drw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# EXHIBIT E

# Pension - Pinnacle LaGrange

| Month | Start Bal. | Rate | Interest | End Balance | Delinquency |
|-------|-----------|------|----------|-------------|-------------|
| May 2005 | $ - | 12.00% | $ - | $ 1,369.06 | $ 1,369.06 |
| June 2005 | $ 1,369.06 | 12.00% | $ 13.69 | $ 2,859.43 | $ 1,476.68 |
| July 2005 | $ 2,859.43 | 12.00% | $ 28.59 | $ 4,429.97 | $ 1,541.95 |
| August 2005 | $ 4,429.97 | 12.00% | $ 44.30 | $ 6,787.70 | $ 2,313.43 |
| September 2005 | $ 6,787.70 | 12.00% | $ 67.88 | $ 8,309.99 | $ 1,454.41 |
| October 2005 | $ 8,309.99 | 12.00% | $ 83.10 | $ 9,954.72 | $ 1,561.63 |
| November 2005 | $ 9,954.72 | 12.00% | $ 99.55 | $ 11,649.21 | $ 1,594.94 |
| December 2005 | $11,649.21 | 12.00% | $ 116.49 | $ 13,483.98 | $ 1,718.28 |
| January 2006 | $13,483.98 | 12.00% | $ 134.84 | $ 15,950.23 | $ 2,331.41 |
| February 2006 | $15,950.23 | 12.00% | $ 159.50 | $ 17,583.03 | $ 1,473.30 |
| March 2006 | $17,583.03 | 12.00% | $ 175.83 | $ 19,326.98 | $ 1,568.12 |
| April 2006 | $19,326.98 | 12.00% | $ 193.27 | $ 19,520.25 | $ - |
| May 2006 | $19,520.25 | 12.00% | $ 195.20 | $ 21,296.34 | $ 1,580.88 |
| June 2006 | $21,296.34 | 12.00% | $ 212.96 | $ 21,509.30 | $ - |
| July 2006 | $21,509.30 | 12.00% | $ 215.09 | $ 23,613.89 | $ 1,889.50 |
| August 2006 | $23,613.89 | 12.00% | $ 236.14 | $ 25,189.86 | $ 1,339.83 |
| September 2006 | $25,189.86 | 12.00% | $ 251.90 | $ 26,646.55 | $ 1,204.79 |
| October 2006 | $26,646.55 | 12.00% | $ 266.47 | $ 28,162.22 | $ 1,249.20 |
| November 2006 | $28,162.22 | 12.00% | $ 281.62 | $ 29,613.53 | $ 1,169.69 |
| December 2006 | $29,613.53 | 12.00% | $ 296.14 | $ 29,909.66 | $ - |
| January 2007 | $29,909.66 | 12.00% | $ 299.10 | $ 30,208.76 | $ - |
| February 2007 | $30,208.76 | 12.00% | $ 302.09 | $ 30,510.85 | $ - |
| March 2007 | $30,510.85 | 12.00% | $ 305.11 | $ 30,815.96 | $ - |
| April 2007 | $30,815.96 | 12.00% | $ 308.16 | $ 31,124.11 | $ - |
| May 2007 | $31,124.11 | 12.00% | $ 311.24 | $ 31,435.36 | $ - |
| June 2007 | $31,435.36 | 12.00% | $ 314.35 | $ 31,749.71 | $ - |
| July 2007 | $31,749.71 | 12.00% | $ 317.50 | $ 32,067.21 | $ - |
| August 2007 | $32,067.21 | 12.00% | $ 320.67 | $ 32,387.88 | $ - |
| September 2007 | $32,387.88 | 12.00% | $ 323.88 | $ 32,711.76 | $ - |
| | | | $ 5,874.66 | | $ 26,837.10 |

| Month | Start Bal. | Rate | Interest | End Balance | Delinquency | Payment |
|---|---|---|---|---|---|---|
| July 2005 | $ - | 12.00% | $ - | $ 2,400.00 | $ 2,400.00 | |
| August 2005 | $ 2,400.00 | 12.00% | $ 24.00 | $ 4,824.00 | $ 2,400.00 | |
| September 2005 | $ 4,824.00 | 12.00% | $ 48.24 | $ 7,272.24 | $ 2,400.00 | |
| October 2005 | $ 7,272.24 | 12.00% | $ 72.72 | $ 9,744.96 | $ 2,400.00 | |
| November 2005 | $ 9,744.96 | 12.00% | $ 97.45 | $ 12,242.41 | $ 2,400.00 | |
| December 2005 | $ 12,242.41 | 12.00% | $ 122.42 | $ 14,764.84 | $ 2,400.00 | |
| January 2006 | $ 14,764.84 | 12.00% | $ 147.65 | $ 17,852.48 | $ 2,940.00 | |
| February 2006 | $ 17,852.48 | 12.00% | $ 178.52 | $ 20,911.01 | $ 2,880.00 | |
| March 2006 | $ 20,911.01 | 12.00% | $ 209.11 | $ 24,120.12 | $ 3,000.00 | |
| April 2006 | $ 24,120.12 | 12.00% | $ 241.20 | $ 27,301.32 | $ 2,940.00 | |
| May 2006 | $ 27,301.32 | 12.00% | $ 273.01 | $ 22,574.33 | $ - | $ (5,000.00) |
| June 2006 | $ 22,574.33 | 12.00% | $ 225.74 | $ 22,800.08 | $ - | |
| July 2006 | $ 22,800.08 | 12.00% | $ 228.00 | $ 26,318.08 | $ 3,290.00 | |
| August 2006 | $ 26,318.08 | 12.00% | $ 263.18 | $ 30,221.26 | $ 3,640.00 | |
| September 2006 | $ 30,221.26 | 12.00% | $ 302.21 | $ 34,373.47 | $ 3,850.00 | |
| October 2006 | $ 34,373.47 | 12.00% | $ 343.73 | $ 37,867.21 | $ 3,150.00 | |
| November 2006 | $ 37,867.21 | 12.00% | $ 378.67 | $ 38,245.88 | | |
| December 2006 | $ 38,245.88 | 12.00% | $ 382.46 | $ 41,288.34 | $ 2,660.00 | |
| January 2007 | $ 41,288.34 | 12.00% | $ 412.88 | $ 41,701.22 | | |
| February 2007 | $ 41,701.22 | 12.00% | $ 417.01 | $ 38,811.38 | | $ (3,306.85) |
| March 2007 | $ 38,811.38 | 12.00% | $ 388.11 | $ 35,892.65 | | $ (3,306.85) |
| April 2007 | $ 35,892.65 | 12.00% | $ 358.93 | $ 32,944.72 | | $ (3,306.85) |
| May 2007 | $ 32,944.72 | 12.00% | $ 329.45 | $ 29,967.32 | | $ (3,306.85) |
| June 2007 | $ 29,967.32 | 12.00% | $ 299.67 | $ 30,266.99 | | |
| July 2007 | $ 30,266.99 | 12.00% | $ 302.67 | $ 27,262.81 | | $ (3,306.85) |
| August 2007 | $ 27,262.81 | 12.00% | $ 272.63 | $ 24,228.59 | | $ (3,306.85) |
| September 2007 | $ 24,228.59 | 12.00% | $ 242.29 | $ 24,470.88 | | |
| | | | $ 6,561.98 | | $ 42,750.00 | $ (24,841.10) |